FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 4 2023

TAMMY H. DOWNS, CLERK
By: _____
                      DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**WINGFIELD & CORRY, P.A.,**
**PLAINTIFF**

VS.   NO. 4:23cv-194-BRW

**DOMINIC BROWN,**
**LAURA MARTIN, and**
**JOSEPH GIRA,**
**DEFENDANTS**

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

## COMPLAINT IN INTERPLEADER

Wingfield & Corry, P.A. ("Law Firm"), for its Complaint in Interpleader, states as follows:

### Parties

1. Law Firm is an Arkansas corporation with its principal place of business in Pulaski County, Arkansas.

2. Upon information and belief, Dominic Brown is a citizen of Texas, residing in Colin County, Texas, although he might have previously indicated that he is or intended to become a citizen of Arkansas residing in Pulaski County, Arkansas.

3. Upon information and belief, Laura Martin is a citizen of Arkansas residing in Pulaski County, Arkansas.

4. Upon information and belief, Joseph Gira is a citizen of Missouri residing in St. Louis, Missouri.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335 as two or more adverse claimants are of diverse citizenship because Law Firm requests and is prepared to deposit the money that is the subject of this action (which is greater than $500.00) into the registry of the court.

6. Venue of this action lies in this court pursuant to 28 U.S.C. § 1397.

## Statement of the Controversy

7. In 2022, Law Firm was retained to help draft organizational documents necessary to confirm the ownership of DL Manufacturing Solutions, Inc. ("DLMS") and for other purposes related to DLMS's start-up.

8. Defendant Brown had caused DLMS to be incorporated with the Arkansas Secretary of State as a domestic, for-profit corporation on July 12, 2022.

9. Upon information and belief, the Defendants envisioned all of three of them one day becoming owners of DLMS.

10. Upon information and belief, in furtherance of Defendant Gira's vision of becoming an owner of DLMS, he caused $500,000.00 to be deposited into Law Firm's IOLTA Trust Account on or about November 7, 2022.

11. Over the course of Law Firm's work, various start-up expenses associated with DLMS were paid from the $500,000.00 deposited by Defendant Gira into Law Firm's IOLTA trust account. Today, the initial $500,000.00 deposit held in Law Firm's IOLTA trust account has been reduced to $284,698.90.

12. Upon information and belief, although Law Firm prepared stock certificates and delivered them to Defendant Martin, neither Defendant Brown nor Defendant Gira has received stock certificates evidencing any ownership by them in DLMS.

13. Upon information and belief, the Defendants have had a falling out and no longer envision one day becoming owners of DLMS.

14. Upon information and belief, Defendant Brown contends and has made demand upon Law Firm to receive a share of the $284,698.90 presently held in Law Firm's IOLTA account.

15. Upon information and belief, Defendant Gira contends that he is entitled to the entirety of the $284,698.90 presently held in Law Firm's IOLTA account because the purpose of his providing it never materialized.

16. Upon information and belief, Defendant Martin contends that she is entitled to receive a share of the $284,698.90 presently held in Law Firm's IOLTA account.

17. Law Firm knows not who, as between the Defendants, is lawfully entitled to all or any part of the $284,698.90 presently held in Law Firm's IOLTA trust account.

18. Law Firm claims no entitlement to any part of the approximately $284,000.00 presently held in Law Firm's IOLTA trust account.

19. Law Firm requests permission to pay into the registry of the court the $284,698.90 presently held in Law Firm's IOLTA trust account so that the Court can determine the party to whom the proceeds should be paid.

WHEREFORE, Law Firm prays for judgment as follows:

(i) Restraining each of the defendants by Order and Injunction of this Court from instituting any action against Law Firm for the recovery of the proceeds deposited into the registry of the court;

(ii) Requiring the Defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject funds in this action;

(iii) Requiring that Defendants settle and adjust among themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom what amounts within total funds should be paid;

(v) Permitting Law Firm to deposit the amount of said funds, approximately $284,000.00, into the registry of this court or as this court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct; and

(vi) Discharging Law Firm from any further liability upon payment of the aforementioned funds into the registry of this court or as otherwise directed by this Court and dismissing with prejudice this action as to Law Firm.

WINGFIELD & CORRY, P.A., Plaintiff

By: /s/ Reba Wingfield
Reba M. Wingfield, ABN 95115
WINGFIELD & CORRY, P.A.
920 West Second Street, Suite 101
Little Rock, Arkansas 72201
(501) 372-5990
rmw@wcfirm.net