IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WINGFIELD & CORRY, P.A.**　　　　　　　　　　　　　　　　**PLAINTIFF**

VS.　　　　　　　　　　　**4:23-CV-00194-BRW**

**DOMINIC BROWN,**　　　　　　　　　　　　　　　　　　　**DEFENDANTS**
**LAURA MARTIN, and**
**JOSEPH GIRA**

### ORDER

Pending is Defendant Joseph Gira's Motion for Default Judgment Against Dominic Brown (Doc. No. 14). Mr. Brown has not responded and the time for doing so has passed. For the reasons set out below, the motion is GRANTED.

**I.　　BACKGROUND**

In 2022, Defendants hired Plaintiff to draft documents to start-up a business. To that end, Dr. Joseph Gira deposited $500,000.00 into Plaintiff's IOLTA trust account on November 7, 2022. During Plaintiff's work, various expenses were paid from the $500,000.00 which reduced the balance in the account to $284,698.90. Defendants have stopped pursuing business together, but the funds remain in Plaintiff's IOLTA account.

Plaintiff filed its Complaint on March 14, 2023, seeking to determine the rightful owner of $284,698.90.[1] Dr. Gira was served on March 28, 2023[2] and filed an answer on April 17, 2023, asserting a claim against the entire balance of the funds.[3] Laura Martin was served on April 19,

---

[1] Doc. No. 1.

[2] Doc. No. 8.

[3] Doc. No. 4.

1

2023,[4] and filed an answer on April 27, 2023, denying a claim to the funds, and affirmatively pleading Dr. Gira's entitlement to have the funds returned to him.[5] Mr. Brown was served on April 18, 2023,[6] but failed to respond to the Complaint. On May 10, 2023, Dr. Gira filed a motion for entry of default against Mr. Brown.[7] The Clerk of the Court entered the default on May 12. 2023.[8]

Dr. Gira seeks a default judgment against Mr. Brown. Additionally, Dr. Gira asks that I discharge Plaintiff from any further liability to any of these Defendants and for a permanent injunction prohibiting Defendants from instituting any proceedings against Plaintiff regarding the funds at issue.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[9] A clerk's entry of default under Federal Rule of Civil Procedure 55(a) permits the plaintiff to move for default judgment under Rule 55(b).[10] If the claim is not for a definite amount, the plaintiff "must apply to the

---

[4] Doc. No. 6.

[5] Doc. No. 9.

[6] Doc. No. 7.

[7] Doc. No. 12.

[8] Doc. No. 13.

[9] Fed. R. Civ. P. 55(a).

[10] See *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party has failed to plead or otherwise defend against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).") (citation and internal quotation marks omitted).

2

court for a default judgment."[11] Rule 55(b) provides that a "default judgment may be entered against a party who has defaulted 'for not appearing.'"[12] The Eighth Circuit "has not articulated specific factors that must be considered in determining whether a Rule 55(b) motion for default judgment for failure to defend should be granted,"[13] but federal law requires that the court determine that the non-responsive defendant is not in military service.[14] Dr. Gira provided sufficient proof that Mr. Brown is not in military service.[15]

## III. DISCUSSION

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true."[16] However, a court must ensure that the "unchallenged facts constitute a legitimate cause of action" before entering a default judgment.[17] "Under Rule 55(b)(2), the Court may hold an evidentiary hearing to determine damages, but a hearing is not

---

[11] Fed. R. Civ. P. 55(b)(2).

[12] *Am. Auto. Ass'n, Inc. v. Advance Quotes, LLC*, No. 6:10-CV-06020, 2010 WL 2985505, at *2 (W.D. Ark. June 29, 2010), report and recommendation adopted, No. CIV. 10-6020, 2010 WL 2990063 (W.D. Ark. July 26, 2010) (citing Fed. R. Civ. P. 55(b)(1)).

[13] *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). The Eighth Circuit has held that failing to appear at hearings and depositions even after filing an answer is "ample basis for a grant of default judgment." *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (holding that defendants' "conduct provide[d] ample basis for a grant of default judgment" where defendants had answered the complaint but then "complete[ly] fail[ed] to engage in discovery and fail[ed] to appear at depositions and hearings set by the court"); see also *Dole v. L & J, Inc.*, No. CIV. A. LR-C-89-339, 1990 WL 250974, at *1 (E.D. Ark. Feb. 26, 1990) (granting default judgment after plaintiff defaulted for failure to appear).

[14] When a party is in military service, a default judgment may not be entered against that party unless he or she is represented by counsel. See 50 U.S.C. § 3931(b)(2).

[15] Doc. No. 14-1.

[16] *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

[17] *Id.*

3

required if the amount is ascertainable from definite figures, facts, and evidence provided by plaintiffs."[18]

Because a Clerk's default was entered, I consider Dr. Gira's motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. In the context of an interpleader action, "[i]t has been repeatedly held that '[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.'"[19] Accordingly, "a default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint."[20]

Based on the record in this case, Dr. Gira is entitled to default judgment against Mr. Brown.

### B.   Discharge and Dismissal

Dr. Gira requests that Plaintiff be discharged and dismissed from the case because it does not assert any interest in the funds held in its IOLTA account and the default judgment effectively resolves the parties' respective rights to the funds. A court "may issue an order

---

[18]*BMO Harris Bank N.A. v. Richland Express, Inc.*, No. 2:17-CV-00149-KGB, 2018 WL 8299883, at *7 (E.D. Ark. Sept. 28, 2018); see also Fed. R. Civ. P. 55(b)(2); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332-33 (8th Cir. 1988).

[19]*Gulf Coast Galvanizing, Inc. v. Steel Sales*, Co., 826 F. Supp. 197, 203 (S.D. Miss. 1993) (quoting *Gen. Accident Grp. v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984)), aff'd, 767 F.2d 907 (2d Cir. 1985); see also *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("[I]f all but one named interpleader defendants defaulted, the remaining defendant would be entitled to the fund.").

[20]*Protective Life Ins. Co. v. Tinney*, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015) (collecting cases).

discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter . . . ."[21]

The request for discharge and dismissal is granted. Plaintiff is discharged from any further liability regarding the IOLTA funds at issue and is dismissed from this case with prejudice.

### C.   Distribution of Funds

I must determine the rightful claimant of the $284,698.90. In an interpleader action, each claimant has the burden of establishing its right to the funds by a preponderance of the evidence.[22]

Plaintiff requests I determine the rightful payee of the funds, which is a sum certain. Dr. Gira claims that he is entitled to the total amount which is supported by the facts in the Complaint and Ms. Martin's Answer. Ms. Martin has expressly denied any claim to the money, and Mr. Brown is in default. Accordingly, Plaintiff is directed to pay Dr. Gira the $284,698.90 held in its IOLTA account within 10 days of the entry of this order.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Dr. Gira's Motion for Default Judgment Against Dominic Brown (Doc. No. 14) is GRANTED. The case is closed.

IT IS SO ORDERED this 12th day of July, 2023.

                                                          BILLY ROY WILSON  
                                        UNITED STATES DISTRICT JUDGE

---

[21] *Viking Ins. Co. of Wisconsin v. Kemp*, No. 3:12-CV-00216 KGB, 2013 WL 6780571, at *3 (E.D. Ark. Dec. 19, 2013) (citing Charles Alan Wright, *et al.*, 7 Fed. Prac. & Proc. Civ. § 1714 (3d ed.) (West 2013)).

[22] See *id.*